**ATOA SIPILI and SIPILI ATUALEVAO, Appellants**

**v.**

**PEFU FANIA, Appellee**

High Court of American Samoa
Appellate Division

AP No. 8-90

November 19, 1990

96

Before REES, Associate Justice, FONG[**], Acting Associate Justice, KLEINFELD[***], Acting Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Appellants, Togiola T.A. Tulafono
         For Appellee, Charles V. Ala'ilima

This appeal concerns a land dispute among an old man, his brother, and the brother's son.

A tract of land in Ili'ili called Moso'oi was offered for registration in 1983 as the individually owned property of Sipili Atualevao. His brother, Pefu Fania, objected to the registration on the ground that he and not Sipili had cleared and worked the land. Pefu later withdrew his objection to the registration; the trial court found that this was because Pefu had been assured by Atoa Sipili, the son of Sipili Atualevao, that the registration would be amended to reflect joint ownership of the land by Pefu, Sipili, and Atoa. Sipili did later direct the registrar to add Atoa's name, but not that of Pefu, as a co-owner of the land. In 1989, after Sipili had ordered Pefu to remove his house from the land and Atoa had begun selling parts of it, Pefu sued to compel execution of the agreement for joint ownership of the land. The trial court imposed a constructive trust in favor of plaintiff/appellee Pefu on the land and on the proceeds from the parts that had been sold.

Appellants Sipili and Atoa do not assign error to the trial court's holding that a constructive trust should be imposed as a matter of law on the facts as found. Rather, appellants urge that two findings of fact were clearly erroneous.

One of the two findings to which appellants take exception was that the testimony of two neighbors tended to support the testimony of Pefu that he began working the land in about 1954 and that his brother Sipili came on the land some years later with his (Pefu's) permission. Appellants argue that the testimony of one of these witnesses can be reconciled with the presence of appellants on the land at an early date,

---

[**]     Honorable Harold M. Fong, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

[***]     Honorable Andrew J. Kleinfeld, District Judge, United States Court for the District of Alaska, serving by designation of the Secretary of the Interior.

and point to circumstances suggesting that the other witness could not have seen Pefu on the land in the 1950s.

Appellants' arguments on this point would require this appellate court to engage in various conjectures --- having to do with such things as what one witness meant when she admitted to having seen appellants "on the area that's more to the back," whether certain old roads or trails were passable by automobile, and whether any crops could have been planted if there were no automobiles to haul the crops away --- at least as extreme as those of which they accuse the trial court. In any event, the trial court would have been free to believe Pefu's testimony, and to disbelieve that of Atoa and Sipili, even if the former had not been corroborated. We find no clear error in the trial court's finding that Pefu first began clearing the land "at least as early as the year 1956" and that Sipili and his family came on the land with Pefu's permission "much later in time." (Opinion and Order issued March 13, 1990, at 3-4.)

The other assignment of error presents both a closer and a more important question. Appellants argue that even if Atoa did fraudulently induce Pefu to withdraw his objection to Sipili's pending registration by promising that the land would be jointly registered in all three names, this fraud was not attributable to Sipili. Accordingly, they argue that a constructive trust against Sipili was inappropriate.

There is no direct evidence that Sipili had knowledge of the 1983 conversation between Atoa and Pefu that induced the latter to withdraw his registration. Atoa denies that he ever promised Pefu anything, and Sipili denies even having known about Pefu's objection to his registration. There was, on the other hand, a wealth of circumstantial evidence from which the trial court might justifiably have inferred complicity by Sipili:

1) There was strong evidence of a "consensus or understanding of co-entitlement to the land" dating from the resolution of a previous dispute in 1979. The mediator at the Office of Samoan Affairs certified at the time that "a survey would be redrawn to reflect a division of the land between Pefu, Sipili, and Atoa." Opinion and Order at 8.

2) The facts with respect to Pefu's original occupation of the land being as the trial court found them to be, Sipili knew that any subsequent attempt to register the land as his own property would probably be unsuccessful unless Pefu could be induced to acquiesce.

3) Although Pefu (an old man whose memory was clearly fading by the time of trial) did not testify one way or the other about whether Atoa explicitly told him that the 1983 promise that induced the withdrawal of his objection had been specifically authorized by Sipili, the court could justifiably have inferred such a representation from the documentary evidence that Pefu thereafter withdrew his objection on the ground that "[t]his matter has been settled by the two of us, Pefu Fania and Sipili Atualevao." (Exhibit 10.)

4) The court could also have inferred that Atoa was acting as Sipili's agent in making this promise from the relationship of the two men as father and son, from the fact that Sipili was the only immediate beneficiary of the result sought and achieved by the promise, and from Sipili's subsequent assignment to Atoa of a half-interest in the fruits of the enterprise in which he had thus assisted.

5) Finally, the court could and evidently did conclude (from the documentary evidence of previous machinations by Sipili and Atoa with respect to registration of this land and from their unsatisfactory attempts to explain these machinations away at trial) that the ruse upon Pefu in 1983 was a sort of signature offense, fully consistent with the character of both appellants and bearing the marks of participation by both.

Although this circumstantial evidence would not have compelled the trial court's finding that Sipili was implicated in Atoa's 1983 promise to Pefu, it provides more than adequate support for such a finding. There was no clear error.

Finally, appellants' argument appears to rest on the assumption that in the event of a finding of fraud by Atoa alone, his father and co-owner Sipili would be allowed to profit from such fraud at the expense of the innocent Pefu. This assumption is dubious. Even if Sipili had had no knowledge of Atoa's activities, his resulting enrichment and the corresponding impoverishment of the innocent Pefu would appear most unjust.[1] We need not decide, however, whether a constructive trust

---

[1] *Cf.* Restatement of Restitution § 167:

Where the owner of property transfers it to another, being induced by fraud, duress or undue influence of a third person, the transferee holds the property upon a constructive trust for the transferor, unless before notice of the fraud, duress or undue influence the transferee has given or promised to give value.

would have been warranted on such facts, because the record adequately supports the even stronger facts found by the trial court.

The trial court judgment is AFFIRMED.